UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER VERDIN** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | SECTION: |
| | * | |
| **CHARLES COOK, DEPUTY JOE CEHAN** | * | JUDGE |
| **AND DEPUTY CODY GUILBEAUX,** | * | |
| in their individual and official capacities, | * | MAG. |
| and, **TERREBONNE PARISH,** | * | |
| **TERREBONNE PARISH** | * | |
| **SHERIFF'S DEPARTMENT,** | * | |
| **Jointly and severally** | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * | | |

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, **CHRISTOPHER VERDIN**, and respectfully represents:

### I.   Jurisdiction

1. This action is brought pursuant to 42 USC §§ 1983 and 1988. Jurisdiction is founded on 28 USC §§ 1331 and 1343, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiffs also invoke supplemental jurisdiction over claims under state constitutional and statutory law.

## II.     Parties

(Plaintiff)

2.     **CHRISTOPHER VERDIN** is an adult citizen of the State of Louisiana and is domiciled in the Eastern District of Louisiana.

(Defendants)

**Named defendants herein are:**

3.     **CHARLES COOK,** in his individual and official capacity as an Officer employed in Terrebonne Parish, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

4.     **DEPUTY JOE CEHAN,** in his individual and official capacity as an Officer employed in Terrebonne Parish, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

5.     **DEPUTY CODY GUILBEAUX,** in his individual and official capacity as an Officer employed in Terrebonne Parish, is an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

6.     **TERREBONNE PARISH AND/OR TERREBONNE PARISH SHERIFF'S DEPARTMENT,** a municipal corporation capable of suing and being sued, and located within the Eastern District of Louisiana.

### III.    Factual Allegations

7.    On May 13, 2015, Plaintiff was walking down a street when he was arrested and secured in handcuffs, without any resistance.

8.    Plaintiff complained about the Defendants and their treatment of him.

9.    Individual Officers dragged him from their patrol car, after he was fully secured.

10.    Individual Officers assaulted and battered Plaintiff, using excessive force.

11.    The amount of force used against Plaintiff was utterly unnecessary based on the totality of the circumstances.

12.    Plaintiff's constitutional right not to be subjected to excessive force was clearly established.

13.    Individual Officers acted in bad faith in assaulting and battering Plaintiff.

14.    The conduct of Terrebonne County and/or Terrebonne County Sheriff's Department:

   a.    Established or condoned customs, policies and/or practices pursuant to which Individual Officers violated Plaintiff's well-established Constitutional rights;

   b.    Failed to properly train, discipline and/or supervise Individual Police Officers or their supervisors such that they violated Plaintiff's well-established Constitutional rights;

   c.    Denied Plaintiff fair treatment during the arrest; and,

   d.    Ratified, condoned and/or permitted the conduct of Individual Police Officers;

15. The conduct of the Individual Officers:

   a. Retaliated against Plaintiff for exercise of his First Amendment rights;

   b. Used excessive force in the arrest of Plaintiff;

16. As a direct and proximate result of the Defendants' conduct, the Plaintiff suffered injuries and damages including, but not limited to:

   a. Loss of earning capacity;

   b. Loss of society and companionship;

   c. Fear, anxiety, humiliation; and shame, pain and suffering;

   d. Emotional distress; and

   e. Medical Expenses and other past and future economic damages.

## IV. Causes of Action:
## 42 USC Section 1983

17. Plaintiff re-alleges all prior paragraphs.

18. The Individual Officers' actions were done in their individual capacities, and under color of state law.

19. The Individual Officers' actions were taken pursuant to customs, policies and practices of the Defendant parish and/or they were ratified, condoned, permitted or acquiesced in by those who make policy in that Sheriff's department.

20. The Individual Officers' actions violated clearly established rights of the Plaintiff including, but not limited to, the duty to stop other officers who in their presence violate the following guaranteed rights:

    a. The right to be free from retaliation for protected speech (First Amendment);

    b. The right to be free from excessive force (Fourth and Fourteenth Amendments);

21. Individual Officers' actions were done pursuant to customs, policies and/or practices of Terrebonne Parish and/or Terrebonne Parish Sheriff's Department, which were deliberately indifferent in the training, discipline and supervision of its supervisors and officers.

22. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 17.

## V. Causes of Action: Municipal Liability under 42 USC 1983

23. The Plaintiff incorporates by reference the allegations set forth in Paragraphs above, as if fully set forth herein.

24. At all times herein, Defendant Terrebonne Parish and/or Terrebonne Parish Sheriff's Department, acted with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

    a. Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendants;

    b. Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary use of force during arrests, who fail to provide proper medical treatment, who retaliate against protected speech;

    c. Hiring and/or retaining as law enforcement officers and supervisors certain persons

      whom the Defendants knew or had actual notice using excessive force against suspects and others, who fail to provide proper medical treatment, who retaliate against protected speech;

    d. Failing to intervene when it knew of improper use of force, who fail to provide proper medical treatment, who retaliate against protected speech; and,

    e. Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the use of excessive force, the failure to provide proper medical treatment, the retaliation against protected speech.

25. Each of the aforementioned customs, policies, or practices was known to Defendants as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to improper use of force, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

26. As a direct and proximate result of the actions taken by the Defendants, as discussed more fully above, the Plaintiff has suffered severe damages, including but not limited to:

    a. Psychological and physical harm, past and future;

    b. Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment of life, and past and future mental anguish;

    c. Economic loss.

    d. Plaintiff seeks reasonable attorney's fees in accordance with 42 USC § 1988, plus judicial interest, and for defendants to bear all costs for these proceedings.

**WHEREFORE**, plaintiff, **CHRISTOPHER VERDIN** prays that the defendants be duly cited and served copies of the above and foregoing, made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the state law claims, and after due proceedings are had that there be a judgment in his favor and against defendants, **CHARLES**

**COOK, DEPUTY JOE CEHAN, DEPUTY CODY GUILBEAUX,** in their individual and official capacity, the **TERREBONNE PARISH AND/OR TERREBONNE PARISH SHERIFF'S DEPARTMENT** holding them liable jointly, severally, and *in solido* for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorneys' fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable, and general relief available.

Respectfully submitted,

**EGENBERG, APLC**

*/s/ Bradley Egenberg*

BRADLEY EGENBERG (#29848)
BEN BERMAN (#36798)
650 Poydras Street, Suite 2525
New Orleans, Louisiana 70130
Telephone: 504-229-5700
Facsimile: 504-617-7911
E-mail: jboud@gmail.com
***Attorneys for Plaintiff, Christopher Verdin***