| | |
|---|---|
| **CHRISTOPHER VERDIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-548** |
| **CHARLES COOK, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Defendants Charles Cook and Deputy Joe Cehan filed a motion for summary judgment on the basis of qualified immunity. Rec. Doc. 77. Plaintiff timely filed a response in opposition. Rec. Doc. 81. Defendants then sought, and were granted, leave to file a reply. Rec. Doc. 90. For the reasons discussed below,

**IT IS ORDERED** that the Cook and Cehan motion for summary judgment is **GRANTED** and plaintiff's claims against them are **DISMISSED.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of plaintiff Verdin Cook's arrest for illegal use of a weapon, illegal carrying of a weapon, and aggravated cruelty to animals on May 13, 2017 by officers of the Terrebonne Parish Sheriff's Departments. Rec. Doc. 42. Police responded to a call by plaintiff's mother reporting that plaintiff was acting aggressively and had discharged a firearm in close proximity to her. Rec. Doc. 77-5. Defendant Cehan arrested plaintiff, read him his rights, and placed him in the backseat of his car. Id. At the time of his arrest, plaintiff was in possession of a concealed handgun. Id. Plaintiff filed an original complaint,

first amending and supplemental complaint, and second amending complaint. Rec. Docs. 1, 27, 42. Plaintiff alleges that the defendant officers' treatment of him violated his civil rights pursuant to 42 U.S.C. § 1983. Id. at 3. Specifically, plaintiff asserts that defendants' actions violated his First Amendment rights and his right to be free from excessive force under the Fourth and Fourteenth Amendments. Id. at 4. Plaintiff avers that individual officers dragged him from their patrol car after he was fully secured and assaulted and battered him, using excessive force. Id. Plaintiff further alleges that the individual officers' actions were taken pursuant to customs, policies, and practices of the defendant Sheriff, who acted with deliberate indifference to the constitutional rights of plaintiff in establishing these customs and practices. Id. Finally, plaintiff alleges that he suffered severe damages as result of defendants' actions including, but not limited to, psychological and physical past and future harm, emotional distress, and economic loss. Id. at 5. Defendants filed answers to each complaint denying plaintiff's allegations and asserting, among other defenses, that all actions were reasonable, justified, and legally permissible. Rec. Doc. 48. Defendants specifically assert that they are entitled to and protected by the qualified immunity afforded to public officials for acts committed during the course of their official duties. Id. at 2.

Defendants Charles Cook and Deputy Joe Cehan filed the instant motion for summary judgment on the basis of qualified immunity and moved for the dismissal of plaintiff's claims against them[1]. Rec. Doc. 77. Plaintiff filed an opposition in response arguing that defendants are not entitled to a qualified immunity defense because they violated plaintiff's clearly established constitutional rights and subjected him to excessive force. Rec. Doc. 81. In their reply, defendants assert that plaintiff has not met his burden of establishing a violation of his constitutional rights and object to unauthenticated internal affairs transcripts and medical records provided by plaintiff. Rec. Doc. 90.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the movant bears the burden of proof, it must "demonstrate the

---

[1] Defendants Deputy Cody Guilbeaux and Sheriff Jerry Larpenter filed a separate motion for summary judgment on the issue of qualified immunity (Rec. Doc. 78) that will be addressed in a separate order.

absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All reasonable inferences must be drawn in favor of the nonmovant, but "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

A qualified immunity defense alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available. *See Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (quoting *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)). To satisfy this burden and overcome qualified immunity, the plaintiff must satisfy a two-prong test. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). First, the plaintiff must show "that the official violated a statutory or constitutional right." *Id*. Second, the plaintiff must show that "the right was 'clearly established' at the time of the challenged conduct." *Id*. It is within the Court's discretion to decide which

of the two questions should be addressed first. *See Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). The qualified immunity defense does not change the requirement that the Court view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. This standard, even on summary judgment, "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *See Brumfield v. Hollins,* 551 F.3d 322, 326 (5th Cir.2008). Thus, even if the evidence supports a conclusion that plaintiff's rights were violated, qualified immunity may still be invoked unless "the government official violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Manis v. Lawson*, 585 F.3d 839, 845 (5th Cir. 2009).

A. <u>Clearly Established Law</u>

Plaintiff does not meet his burden of proving that the rights he alleges defendants violated were clearly established law. Although it is in the Court's discretion to determine which of the two prongs to consider first, it is often appropriate to consider the "clearly established law" question first, as it may make the constitutional violation question unnecessary to answer. *See Pearson v. Callahan,* 555 U.S. 224, 237 (2009).

Concerning plaintiff's excessive force claims, the correct question for this Court to ask is not whether the right to be free

from excessive force was clearly established at the time of defendants' conduct. Rather, the Court must ask whether plaintiff had a clearly established right to not have defendant Cehan temporarily place his knee on plaintiff's back while being handcuffed, and to not be removed with some force after he was arrested, secured in Cehan's vehicle, and refused order to exit same. *See City of Escondido, Cal. v. Emmons,* 139 S. Ct. 500, 503 (2019) (holding that the Court of Appeals erred in defining the clearly established right at a high level of generality by saying only that the right to be free of excessive force was clearly established). The Supreme Court has "repeatedly told courts ... not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (quoting *City & Cty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1775–76 (2015)). "While there does not have to be a case directly on point, existing precedent must place the lawfulness of the particular [action] beyond debate.... Of course, there can be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances.... But a body of relevant case law is usually necessary to clearly establish the answer...." *D.C. v. Wesby*, 138 S. Ct. 577, 581 (2018) (internal quotation marks omitted).

The Court first considers whether there was clearly established law prohibiting defendants' conduct during plaintiff's arrest. In his Second Amending Complaint, plaintiff only states that defendant officers "denied [him] fair treatment during the arrest" and "used excessive force in the arrest." Rec. Doc. 42, ¶¶14(c), 15(b). In his opposition to the instant motion, plaintiff states that the defendant deputies' body camera videos are not clear as to whether defendant Cehan used excessive force at the time of his arrest, but that he has testified that Cehan's knee was in his back during the arrest causing him a back injury and all inferences must be taken in his favor. Rec. Doc. 81 at 15. A court will "assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene." *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Scott v. Harris*, 550 U.S. 372 (2007)). The defendant deputies' body camera footage shows that it took less than two minutes for Cehan to place handcuffs on plaintiff while he was lying on the ground and then stand him up. Rec. Doc. 81, Ex. 10 at 18:58:50 to 19:00:30. A review of the footage shows that Cehan's knee was not consistently on plaintiff's back during the entirety of the arrest as there are clear views of Cehan's knees on the ground next to plaintiff on the video footage. However, because Cehan's knees and plaintiff's lower back are not visible for the entire two minutes of the arrest, it is not clear if Cehan placed

7

his knee on plaintiff's lower back for some portion of the arrest. At this stage, the Court does not weigh credibility but will take all inferences in the nonmovants favor. However, even if Cehan temporarily placed his knee on plaintiff's back at some point during the two minutes it took to handcuff plaintiff, plaintiff has not demonstrated that this would be a violation of clearly established law. In his memorandum, plaintiff cites no body of caselaw in support of his assertion that Cehan's act of temporarily placing his knee on plaintiff during the arrest was prohibited by clearly established law. It is plaintiff's burden to prove that defendants' actions were prohibited by clearly established law and conclusory allegations are not sufficient to meet this burden. Plaintiff was arrested after his mother had called the police and informed them that he had fired a weapon in her vicinity, and officers found a concealed weapon on his person when he was handcuffed. Rec. Doc. 77-11. Given these undisputed facts, the Court does not find that an objectively reasonable officer would be on notice that using some degree of force while handcuffing an armed individual, such as temporarily placing a knee on the arrestee's lower back, was unlawful and a violation of a clearly established right. Therefore, because defendants would not be on notice that their conduct during plaintiff's arrest was precluded by clearly established law, they are entitled to qualified immunity on this claim.

The Court next considers plaintiff's assertion that defendants violated clearly established law in using force to remove plaintiff from Cehan's vehicle after his arrest. Plaintiff claims that Cehan used excessive force to remove him from Cehan's vehicle after his arrest because he wanted to provoke him and teach him a lesson when plaintiff refused to answer Cehan's questions and criticized him. Rec. Doc. 81 at 8. Defendants dispute this characterization and claims that Cehan verbally ordered plaintiff to exit the vehicle for the purpose of transferring him to Cook's vehicle and used a reasonable amount of force to remove plaintiff when he refused to comply with this order and escalated the situation with the use of explicit language and offensive slurs. Rec. Doc. 77-1 at 11. It is not appropriate for the Court to weigh evidence at the summary judgment stage and make a credibility determination to determine which party is correct. Both parties agree that Cehan ordered plaintiff to exit the vehicle and used force to remove him from Cehan's vehicle when plaintiff did not comply, and this is also shown on the body camera footage provided by the parties. The issue, therefore, is whether plaintiff had a clearly established right not to be physically removed from Cehan's vehicle, where he was sitting handcuffed, after he refused the officer's order to exit the vehicle. To meet his burden, plaintiff must provide established precedent or a body of caselaw that demonstrates defendant would have known his behavior was in

violation of a clearly established law at the time of the incident. Alternatively, as noted above, the Supreme Court has stated that there may "be the rare obvious case, where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." *D.C. v. Wesby*, 138 S. Ct. 577, 581 (2018). Plaintiff cites two cases in support of his argument that defendants violated clearly established law: *Plumhoff v. Rickard* and *Cass v. City of Abilene*. Rec. Doc. 81 at 22-23. The two cases cited by plaintiff do not aid in resolution of this case as they do not show that defendants' conduct in removing plaintiff from Cehan's vehicle violated clearly established law at the time. The Court considers each of these cases in turn. In *Plumhoff v. Rickard,* 572 U.S. 765 (2014), the Supreme Court held that officers who shot the driver of a fleeing vehicle to put an end to a dangerous car chase were entitled to qualified immunity because they had not violated a clearly established law as demonstrated by the precedent set in similar earlier cases. *Plumhoff* does not provide support for plaintiff's claim in this case as it has no bearing on the question of whether plaintiff had a clearly established right not to be removed from Cehan's vehicle after his arrest and refusal to exit the vehicle after being ordered to exit. In *Cass v. City of Abilene,* 814 F.3d 721 (5th Cir.2016), the Fifth Circuit affirmed the district court's grant of summary judgment, finding that the chief of police was

entitled to qualified immunity because there was no summary judgment evidence that he was involved in alleged constitutional violations and the detective had not used excessive force in violation of the Fourth Amendment. Importantly, in that case, the Fifth Circuits noted that once qualified immunity is invoked, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity and that "appellants [had] not shown a violation of clearly established law so as to satisfy this burden." *Id.* at 733. *Cass* does not provide any support for plaintiff's assertion that defendants acted in violation of clearly established law when they removed plaintiff from Cehan's vehicle, as the facts are not similar to the present case. Therefore, plaintiff has provided no body of caselaw or precedent whatsoever to show that defendants' actions were in violation of a clearly established law. Plaintiff has not met his burden to defeat qualified immunity, and this Court does not consider this to be the "rare obvious case" where "the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances." D.*C. v. Wesby*, 138 S. Ct. 577, 581 (2018). There is no support for plaintiff's claim that he had a clearly established right not to be removed from Cehan's vehicle after he refused an order to exit. "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he

is doing violates that right." *See Taylor v. Barkes*, 135 S.Ct. 2042, 2044 (2015). The Court is not persuaded that every reasonable official would have understood that they were not permitted to order plaintiff to exit the vehicle after he was arrested and placed in the vehicle. Therefore, plaintiff has not satisfied his burden of demonstrating that defendants' actions in removing plaintiff from Cehan's vehicle were a violation of clearly established law and defendants are entitled to qualified immunity for this claim.

The Court next considers plaintiff's assertion that defendants retaliated against him for the exercise of his First Amendment rights. The clearly established right to consider in this case is not a general right to be free from retaliation for one's speech, but more specifically plaintiff's right to not respond to police questions after his arrest and placement in Cehan's vehicle. *See Reichle v. Howards,* 566 U.S. 658, 665 (2012). As was the case with his excessive force claim, plaintiff provides no precedent or case law to prove that this right is clearly established. Plaintiff cites to a Fifth Circuit case, *Stephenson v. McClelland*, which held that the officers were entitled to qualified immunity on plaintiffs' First Amendment claims for detaining plaintiffs who refused to comply with the officers' orders to remain clear of the scene of an investigation. *Stephenson v. McClelland,* 632 Fed.Appx.177 (5th Cir.2015). This case supports

12

defendants' claims that they are entitled to use reasonable force to remove plaintiff from the vehicle after plaintiff refused to comply with their orders to exit. Therefore, no clearly established right under the First Amendment is implicated under the foregoing undisputed facts. Defendants are entitled to qualified immunity on this claim.

Because this Court finds that plaintiff has not met his burden of establishing that defendants' conduct was prohibited by clearly established law and defendants are therefore entitled to qualified immunity, it is not necessary to offer further constitutional analysis.

New Orleans, Louisiana, this 22nd day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE