# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER VERDIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-548** |
| **CHARLES COOK, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Defendants Sheriff Jerry Larpenter and Deputy Cody Guilbeaux filed a motion for summary judgment on the basis of qualified immunity. Rec. Doc. 78. Plaintiff timely filed a response in opposition. Rec. Doc. 82. Defendants then sought, and were granted, leave to file a reply. Rec. Doc. 92. For the reasons discussed below,

**IT IS ORDERED** that the motion for summary judgment is **GRANTED, dismissing all claims against Larpenter and Guilbeaux.**

**IT IS FURTHER ORDERED** that defendants Cehan and Cook's motion to continue (Rec. Doc. 93) is **DISMISSED as moot.**

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are laid out in greater detail in a recent Order and Reasons granting co-defendants Charles Cook and Joe Cehan's motion for summary judgment on the basis of qualified immunity and are incorporated by reference here.

Defendants Jerry Larpenter and Cody Guilbeaux filed the instant motion for summary judgment on the basis of qualified immunity and moved for the dismissal of plaintiff's claims against them. Rec. Doc. 78. Plaintiff filed an opposition in response arguing that defendants are not entitled to a qualified immunity

defense because they violated plaintiff's clearly established constitutional rights and subjected him to excessive force. Rec. Doc. 81. In their reply, defendants assert plaintiff has failed to show that any defendants actions violated clearly established law. Rec. Doc. 92. Defendants further state that Guilbeaux did not touch plaintiff and was in training during the incident, meaning that he had no duty, or authority, to direct the actions of other officers. Rec. Doc. 92.

**LAW AND ANALYSIS**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When the movant bears the burden of proof, it must "demonstrate the absence of a genuine issue of material fact" using competent summary judgment evidence. *Celotex*, 477 U.S. at 323. But "where the non-movant bears the burden of proof at trial, the movant may merely point to an absence of evidence." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994). When the movant meets its

burden, the burden shifts to the non-movant, who must show by "competent summary judgment evidence" that there is a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). All reasonable inferences must be drawn in favor of the nonmovant, but "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *See Sec. & Exch. Comm'n v. Arcturus Corp.*, 912 F.3d 786, 792 (5th Cir. 2019).

A qualified immunity defense alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available. *See Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (quoting *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)). To satisfy this burden and overcome qualified immunity, the plaintiff must satisfy a two-prong test. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). First, the plaintiff must show "that the official violated a statutory or constitutional right." *Id*. Second, the plaintiff must show that "the right was 'clearly established' at the time of the challenged conduct." *Id*. It is within the Court's discretion to decide which of the two questions should be addressed first*. See Heaney v. Roberts*, 846 F.3d 795, 801 (5th Cir. 2017). The qualified immunity defense does not change the requirement that the Court view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. This standard, even on

summary judgment, "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *See Brumfield v. Hollins,* 551 F.3d 322, 326 (5th Cir.2008). Thus, even if the evidence supports a conclusion that plaintiff's rights were violated, qualified immunity may still be invoked unless "the government official violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Manis v. Lawson*, 585 F.3d 839, 845 (5th Cir. 2009).

A. <u>Defendants are entitled to qualified immunity</u>

Plaintiff has not met his burden of overcoming defendants' invocation of qualified immunity. This Court recently found that defendants Cook and Cehan were entitled to qualified immunity because plaintiff failed to meet his burden of showing that clearly established law precluded defendants' conduct. In his response to the instant motion, plaintiff does not provide any additional support for his claim that defendants violated clearly established law. The cases and arguments cited in plaintiff's response to the instant motion were rejected by the Court in the recent Order and Reasons granting defendant Cehan and Cook's motion for summary judgment. Because plaintiffs have not demonstrated that clearly established law precluded defendants' conduct, this Court finds that defendant Guilbeaux and Larpenter are entitled to qualified

immunity. Therefore, summary judgment in favor of defendants on the basis of qualified immunity is proper.

New Orleans, Louisiana, this 22nd day of February, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE