# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER VERDIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-548** |
| **CHARLES COOK, ET AL.** | **SECTION "B"(5)** |

## ORDER AND REASONS

Plaintiff filed a motion for new trial or, in the alternative, for reconsideration. Rec. Doc. 98. Defendants Charles Cook and Joe Cehan filed a response in opposition, which was adopted by defendants Jerry Larpenter and Cody Guilbeaux. Rec. Docs. 106, 109. Defendants Larpenter and Guilbeaux subsequently filed a supplemental memorandum in opposition. Rec. Doc. 111. For the reasons discussed below,

**IT IS ORDERED** that the motion is **DENIED**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The facts of this case are laid out in greater detail in the Order and Reasons granting defendants' motions for summary judgment and are incorporated by reference here. Rec. Docs. 95, 96. In brief, plaintiff filed a complaint against defendants pursuant to 42 U.S.C. § 1983 for alleged constitutional violations in connection with his arrest on May 13, 2015. Rec. Doc. 1. Plaintiff alleged that defendant officers used excessive force in his arrest and retaliated against him for exercising his First Amendment Rights. Id. at 4-6.

The Court granted defendants' motions for summary judgment on the basis of qualified immunity, finding plaintiff failed to meet his burden of showing that defendants had violated clearly established law. Rec. Docs. 95, 96. The Court subsequently entered judgment in favor of defendants. Rec. Doc. 97. Plaintiff now files the instant motion for new trial, or in the alternative, motion for reconsideration.

## **THE PARTIES' CONTENTIONS**

Plaintiff seeks a new trial pursuant to Rule 59(a) on the grounds that summary judgment in favor of defendants is against the weight of the evidence, or in the alternative, reversal of the judgment entered against him pursuant to Rule 59(e), on the grounds that there is clearly established law supporting his argument against defendants' qualified immunity defense. Rec. Doc. 98. Plaintiff argues that federal jurisprudence establishes that defendants violated his clearly established rights. Rec. Doc. 98-1 at 3-6. Plaintiff provides, for the first time in the instant motion, cases he asserts establish a body of law showing plaintiff had a clearly established right to: 1) be free from being pinned to the ground with an officer's knees in his back, (citing *Martinez-Aguero v Gonzalez*, 459 F.3d 618 (5th Cir. 2006), *Cry v. Dillard*, 2017 WL 2172944 (S.D. Miss. May 16, 2017), *Davis v. Hinds County, Mississippi*, 2017 WL 4228659 (S.D. Miss. Sept. 22, 2017), *Alexander v. City of Round Rock*, 854 F.3d 298 (5th Cir.2017)); and

2) be free from being yanked from a police vehicle and slammed against the car while restrained (citing *Bush v. Strain*, 513 F.3d 492 (5th Cir. 2008), *Curran v. Aleshire*, 800 F.3d 656 (5th Cir. 2015), *Scott v. Farris*, 2005 WL 517500 (E.D. La. Feb. 18, 2005), *Alexander v. City of Round Rock*, 854 F.3d 298 (5th Cir.2017)). Id. Therefore, plaintiff argues that any reasonable police officer would be on notice that defendant officers' conduct violated plaintiff's clearly established rights and defendants are not entitled to qualified immunity. Id. at 7-8. Additionally, plaintiff cites a case that he asserts clearly establishes his right to be free from retaliation against his protected speech after his arrest and placement in the police vehicle. Id. at 9 (citing *White v. Jackson*, 2014 WL 99976 (N.D. Tex. Jan. 10, 2014).

## **LAW AND ANALYSIS**

A Rule 59(e) motion calls into question the correctness of a judgment.[1] *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir.

---

[1] This motion is not properly considered a motion for "new trial" because there was no trial. A motion for new trial under Rule 59(a) is appropriate for cases that have been tried to a jury or to the Court. Because the Court disposed of this case on motion for summary judgment, the correct vehicle for reconsideration of the Court's judgment is a motion to alter or amend a judgment under Rule 59(e). *See Montgomery v. Wells Fargo Bank, N.A.*, 2011 WL 1870279, at *1 (N.D. Tex. May 16, 2011), aff'd, 459 F. App'x 424 (5th Cir. 2012) ("The motion is not properly considered a motion for "new trial" because there was no trial."); *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*., 1999 WL 1032798 (N.D.Tex. Nov.10, 1999) (Although denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment."); *Jones v. W. Geophysical Co. of Am.*, 669 F.2d 280, 282 (5th Cir. 1982) ("Although the parties and the district court all proceeded to deal with plaintiff's motion as one for "new trial," neither the parties nor the court identified whether it was a motion under Fed.R.Civ.P. 59(a)(2) or Fed.R.Civ.P. 59(e). As this was a motion

2002). Rule 59(e) serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Basinkeeper v. Bostick*, 663 F. App'x 291, 294 (5th Cir. 2016) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Amending a judgment is appropriate under Rule 59(e): "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). Because Rule 59(e) has a "narrow purpose," the Fifth Circuit has "observed that [r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Id. (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)). Thus, "a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. (quoting *Templet*, 367 F.3d at 479).

Reconsideration of the previous judgment is not appropriate because plaintiff's newly offered legal arguments could have been made at the time of his original filing. The entirety of

---

essentially for reexamination of an order finally disposing of an action prior to trial, we presume that it was a motion for reconsideration under Fed.R.Civ.P. 59(e).")

plaintiff's motion consists of providing caselaw to remedy the deficiency of his previous responses to defendants' motions for summary judgment, which failed to identify existing precedent that clearly established his allegedly violated rights. Plaintiff seeks to now show the Court that a body of relevant caselaw exists which places the lawfulness of defendant officer's conduct beyond debate, as required by the Supreme Court when a plaintiff seeks to defeat a qualified immunity defense. *See D.C. v. Wesby,* 138 S. Ct. 577, 581 (2018).

However, none of the cases plaintiff cites to in support of his motion were published after this Court's judgment and should have been included in plaintiff's original opposition. When defendants invoked the qualified immunity defense in their motions for summary judgment, the burden shifted to the plaintiff to prove that the defense was not available to them by showing that they had violated a right that was "clearly established" at the time of the defendant officials' conduct. See *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018) (quoting *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017)). Supreme Court precedent required plaintiff to establish this element by showing that a body of relevant case law and existing precedent placed the lawfulness of defendants' actions beyond debate.[2] *See D.C. v. Wesby*, 138 S. Ct.

---

[2] The Supreme Court also held that there may be a rare obvious case where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances. *D.C. v. Wesby*, 138 S. Ct.

577, 581 (2018). Summary judgment was granted in this case because plaintiff failed to show that he had a clearly established right supported by relevant case law in his response. A Rule 59(e) motion does not provide plaintiff a second chance to oppose defendants' motions for summary judgment by making such a showing. Plaintiff does not identify an intervening change in controlling law, newly discovered evidence that was previously unavailable, or a manifest error. Rather, plaintiff submits legal arguments for consideration that were available to him at the time of his original filing, but which he failed to make. However, "a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." Id. (quoting *Templet*, 367 F.3d at 479). Therefore, plaintiff has not identified a proper basis upon which to alter or amend this Court's judgement.

New Orleans, Louisiana, this 26th day of June, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

577, 581 (2018). The Court held in the Order and Reasons granting defendants' motion for summary judgment that we did not consider this case to be that "rare obvious case" and plaintiff does not appear to seek reconsideration of that finding in the instant motion.